NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0465n.06

No. 11-2432

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

┌─────────────────────────────┐
│ **FILED** │
│ *May 01, 2012* │
│ LEONARD GREEN, Clerk │
└─────────────────────────────┘

UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　 )
　　　　Plaintiff-Appellee,　　　　　)
　　　　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　　　　 )　ON APPEAL FROM THE UNITED
　　　　　　　　　　　　　　　　　　 )　STATES DISTRICT COURT FOR
RONY ALBERTO GARCIA-NAJERA,　　　　)　THE WESTERN DISTRICT OF
　　　　　　　　　　　　　　　　　　 )　MICHIGAN
　　　　Defendant-Appellant.　　　　 )


Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM. Rony Alberto Garcia-Najera, who is represented by counsel, appeals his conviction for illegally reentering the United States subsequent to a felony conviction.

Garcia-Najera, a native and citizen of Guatemala, was removed from the United States in October 2009 after being convicted of possessing cocaine, fleeing a police officer, and operating a motor vehicle while intoxicated. In February 2011, Garcia-Najera was arrested for state traffic violations, furnishing false information to a police officer, and resisting a police officer. Garcia-Najera was subsequently arrested by federal authorities and charged with illegal reentry into the United States subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1).

Garcia-Najera pled guilty to the charge without the benefit of a plea agreement. A presentence report calculated Garcia-Najera's total offense level at ten and his criminal history category at IV, resulting in an advisory sentencing guideline's range of fifteen to twenty-one months

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

of imprisonment. The district court determined that the advisory sentencing guideline's range was properly calculated and imposed a sentence of twenty-one months of imprisonment with no term of supervised release.

Garcia-Najera's appellate counsel has filed a motion to withdraw, in which he states that his careful review of the record has led him to the conclusion that there are no legally non-frivolous issues present in the appeal. Counsel accompanies his motion with a brief prepared pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he identifies challenges to Garcia-Najera's guilty plea and his sentence. Counsel concludes, however, that Garcia-Najera's plea was voluntary and that the district court imposed a reasonable sentence. Garcia-Najera has not responded to counsel's motion to withdraw, despite being advised of his right to do so. After undertaking an independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 82–83 (1988), we agree with counsel and grant the motion to withdraw because there are no arguable grounds for appeal that are apparent in the record.

Given that Garcia-Najera entered a guilty plea, he has waived his right to appeal any constitutional violations occurring prior to his plea. He may only challenge whether his plea was voluntarily and intelligently given. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea is valid if it is entered voluntarily and intelligently based on the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970).

At his plea hearing, the magistrate judge, through an interpreter, placed Garcia-Najera under oath and advised him that if he made false statements, he could be subject to penalties for perjury. The magistrate judge questioned Garcia-Najera about his age, his education, his ability to read and write, and his physical and mental health in order to determine whether he was competent to comprehend the proceedings. The magistrate judge read the charge that Garcia-Najera was facing,

explained the penalties associated with the charge, and how Garcia-Najera's sentencing guidelines range would be calculated. Garcia-Najera confirmed that he had discussed these issues with his attorney and that he was satisfied with counsel's representation.

The magistrate judge explained the rights associated with a jury trial that Garcia-Najera would be waiving by entering a guilty plea. Garcia-Najera confirmed that he had no questions about his rights, the charge, or the penalties it carried. He stated that he wished to plead guilty to the charge. Garcia-Najera also confirmed that he was not pleading guilty as the result of threats, force, or promises of leniency. The government stated the factual basis for the plea, and Garcia-Najera agreed that the facts, as presented, were correct. Because the totality of the circumstances demonstrates that there was a factual basis for Garcia-Najera's plea and that the plea was voluntarily and intelligently entered, no arguable issues may be raised on appeal in connection with the plea.

The record further demonstrates that Garcia-Najera's sentence was reasonable. We review a district court's sentence for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the advisory guideline's range is accorded a rebuttable presumption of reasonableness. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Garcia-Najera cannot, in good faith, argue that his sentence was procedurally unreasonable. He did not file objections to the presentence report, he acknowledged at his sentencing hearing that his advisory guideline's range was correctly calculated, and he did not request a departure. Further, the district court recognized the advisory nature of the guidelines, considered the applicable 18 U.S.C. § 3553(a) factors, and explained that a term of imprisonment at the high end of the guideline's range was necessary given Garcia-Najera's history of violence.

With respect to the substantive reasonableness of the sentence, the district court listened to the parties' positions on sentencing, and Garcia-Najera made a statement to the court. The district court considered the seriousness of the crime, Garcia-Najera's characteristics, the need to provide just punishment for the offense, the need to promote respect for the law, and the need for deterrence and protection of the public. The district court concluded that a twenty-one month sentence was sufficient, but not greater than necessary, to comply with the purposes of sentencing. Thus, Garcia-Najera cannot raise an arguable issue that would demonstrate that his within-guidelines sentence was unreasonable.

After examining the record and discovering no non-frivolous issues for appeal, we grant counsel's motion to withdraw and affirm the district court's judgment.